Taliaeebro, J.
The succession of Adam Frederic, opened in the parish of Placquemines in April, 1866. Soon after, the plaintiffs and appellants, mortgage creditors of the deceased for the sum of $32,000, with interest, obtained an order of seizure and sale against the mortgaged property, a plantation situated in that parish, together with the appurtenances, cattle, etc., belonging to the community which had existed between Mistress Frederic and her husband.
The legal notices were served on Mrs. Frederic in her capacity of tutrix and widow in community, and, also, on all the heirs of age. The notice for appointment of appraisers was served upon her as administratrix, she having in the interim assumed that office.
The property was advertised for sale early in June; the sale to take place on the 7th July ensuing.
On the 20th June, Mrs. Frederic filed two oppositions to the sale; one in her individual name as surviving widow, the other in her capacity of administratrix. In the first-named opposition she alleges herself to be in indigent circumstances, prays • for a partition in kind, and claims and designates to be reserved to her for a homestead, four certain arpents of land fronting on the Mississippi, with the depth of forty arpents, and that the’.sale, if made as advertised, be declared null and void.
The other opposition was made in character of administratrix. She therein alleges that at the time of the seizure and advertisements, the succession was not represented, and that no legal notices or other process or proceedings could be had contradictorily with the said succession, in order to legally effect a judicial sale; that the heirs are only beneficiary heirs, and could not stand in judgment; alleges the insolvency of the succession; that there are privileged debts to the amount of $2,164, which are to be paid out of the proceeds of the property seized; that the succession having been accepted, with benefit of inventory for the two *375 minors, executory process could not legally issue, and that the mortgage creditors could only be paid in due course of administration. She prays finally that the sale be enjoined, or if maintained, that the proceeds be paid over to her for distribution.
Upon these issues the parties went to trial in the court below. Judgment was rendered, declaring the proceedings taken by the mortgage creditors to be valid, allowing to the widow one thousand dollars, under the Homestead Act of 1852, and admitting all the privileged claims set out in the opposition of the administration, amounting to ©2,164, the whole to be paid with privilege and preference out of the proceeds of the sale of the property. The plaintiffs appeal; and the widow joins in the appeal.
It is settled by frequent decisions of this court, that a party, having a mortgage importing a confession of judgment, may proceed via executiva, although the mortgagor may have died subsequently, and his succession have been accepted with benefit of inventory. 1 An. 205; 2 An. 145, 209, 509; 12 An. 551.
All the proceedings in relation to the seizure seem to have been regular. The widow cannot avail herself of the provisions of the liberal act of the Legislature, passed in December, 1865. The obligations sued upon where contracted before the enactment of that law. She is entitled to the benefit of the Homestead law of 1852, which was in force prior to execution of the original notes by the decedent. The counsel of the administratrix argues in his brief, that the mortgage when executed comprised slaves as well as land, and that the mortgage, being indivisible, was vitiated throughout, and rendered null and void. We think the position untenable.
At the time the mortgage was executed, contracts of that kind were tolerated by the then existing laws. When slaves ceased to be regarded as property, the security afforded previously by the mortgage on both land and slaves, underwent a reduction by resting only upon the land. The question raised in argument is not presented in the pleadings.
The plea of prescription, we think not available. The renewal of the obligations acts as a bar to prescription.
In regard to the question of privileges, we think the opposition should be sustained, as to the items ©96, wages of cook; ©240, wages of nurses, and ©400, bill of groceries. These several accounts were paid by several of the relatives of the mortgagor a short time before his decease. No subrogation took place, and the obligations, being extinguished at' the opening of the succession, cannot be considered as debts against it. The item ©300, “ salary of teacher of the minors,” does not come within the provisions of article 3179 of the Civil Code, and should have been rejected.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be amended, so as to reduce the amount thereby awarded for privileged debt to the sum of eleven hundred and twenty, eight dollars; and it is ordered that as herein amended, the said judgment be affirmed; the costs in both courts to be borne by the succession.
Rehearing refused.